IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                              *

ORIN G. MCDOUGALL,
                                              *

    Plaintiff,
                                              *

        v.                             CIVIL NO.: WDQ-11-3410

                                              *

MARYLAND TRANSIT ADMINISTRATION,
                                              *

    Defendant.
                                              *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

MEMORANDUM OPINION

Orin G. McDougall, *pro se*, sued the Maryland Transportation Administration (the "MTA") for employment discrimination, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").[1]  For the following reasons, the Court will grant the MTA's unopposed motion to dismiss or for summary judgment.

I. Background[2]

McDougall is of Indian descent.[3]

---

[1] 42 U.S.C. §§ 2000e, *et seq.*

[2] For the motion to dismiss, the well-pled allegations in McDougall's complaint are accepted as true. *See Brockington v. Boykins*, 637 F.3d 503, 505-06 (4th Cir. 2011).  Had McDougall submitted evidence in response to the MTA's motion for summary judgment, his evidence would have "be[en] believed, and all justifiable inferences [would have] be[en] drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

[3] Mem. in Supp. of Mot. to Dismiss, Ex. 4 (Carolyn R. Brown Aff.) Attach. 1 at 2 [hereinafter "Discrimination Charge"].  In reviewing a motion to dismiss, the Court may consider not only

On December 18, 2008, McDougall was hired as a machinist
for the MTA. Compl. ¶ 1. During his employment, he was
excluded from the "overtime work rotation," and "charg[ed] and
disciplin[ed] . . . for infractions" when other co-workers were
not. Compl. ¶¶ 7, 9. His supervisors refused to act when
McDougall complained that co-workers were making "erroneous and
degrading comments" about him. Compl. ¶ 10.

On July 28, 2009, McDougall was fired.[4] Sometime later, the
MTA rehired him.[5]

On August 17, 2010, McDougall filed a discrimination charge
with the Baltimore Community Relations Commission and the Equal
Employment Opportunity Commission (the "EEOC"), alleging that he
had been discriminated against on the basis of race, color, and

---

allegations in the complaint but also documents attached to the
motion to dismiss, "so long as they are integral to the
complaint and authentic." *Philips v. Pitt Cnty. Mem'l Hosp.*,
572 F.3d 176, 180 (4th Cir. 2009). McDougall has not challenged
the authenticity of the attachments to the MTA's motion, and a
plaintiff's administrative discrimination charge is integral to
a subsequent discrimination complaint. *See Holowecki v. Fed.
Express Corp.*, 440 F.3d 558, 565 (2d Cir. 2006).

[4] Compl. ¶ 3. The complaint provided no details of McDougall's
termination. The MTA submitted evidence that McDougall had been
issued a warning on May 19, 2009, after damaging equipment while
operating a crane. *See* Mem. in Supp. of Mot. to Dismiss, Ex. 1.
¶ 7 (Michael H. Ollinger Aff.), Attachs. 1 (Supervisor's Report)
& 2 (Employee Counseling Form).

[5] *See* Compl. ¶ 4. The complaint did not provide a date, but the
MTA submitted evidence that McDougall was reinstated on August
12, 2009, after McDougall's union challenged his discharge.
Michael H. Ollinger Aff. ¶ 8.

2

national origin.  Discrimination Charge 2.  He claimed that he

was "the only employee in [his] department who receive[d]

disciplinary actions."  *Id.*  He asserted that his white co-

workers had made "more severe errors" and "ha[d] been forgiven

for their mistakes."  *Id.*  He also alleged that he had tried to

discuss his grievance with his supervisor, but "[n]o action

ha[d] been taken."  *Id.*

On November 15, 2010, McDougall was fired again.[6]

On February 2, 2011, the EEOC issued McDougall a right to

sue letter, noting that more than 180 days had passed since he

had filed his discrimination charge, the EEOC was terminating

its investigation, and McDougall had 90 days to file a lawsuit.

Carolyn R. Brown Aff., Attach. 2 [hereinafter "Right to Sue

Notice"].

On March 22, 2011, McDougall sued the MTA in the Circuit

---

[6] Compl. ¶ 4.  The complaint provided no details of his
termination.  The MTA submitted evidence that McDougall had been
fired for using a cell phone while working, in violation of MTA
policy.  *See* Mem. in Supp. of Mot. to Dismiss, Ex. 3 (Joseph
Ervin Solomon Aff.), Attach. 2 (Suspension and Termination
Form).  The MTA's evidence showed that McDougall had also been
cited on November 4, 2009, and January 7, 2010, for failure to
follow operating and safety procedures, and had caused $7,000
worth of damage to a machine.  *See* Michael H. Ollinger Aff. ¶¶
10-14, Attachs. 6 & 7 (Warning Forms), Attach. 8 (Suspension
Form), Attach. 9 (Letter to McDougall).

  According to the MTA's evidence, McDougall appealed his
termination, which was converted to a three-day suspension after
an MTA official determined that the cell phone policy had not
been clear.  *See* Joseph Ervin Solomon Aff. ¶¶ 9-10, Attachs. 4 &
5 (Letters to Union President).

Court for Baltimore City, alleging wrongful termination, hostile work environment, and race, color, and national origin discrimination.  On November 28, 2011, the MTA removed the action to this Court.[7]

On December 5, 2011, the MTA moved to dismiss or for summary judgment.  ECF No. 16.  On December 6, 2011, the Clerk of the Court told McDougall that he should "respond to and explain the facts or matters stated in the motion."  ECF No. 18. The Clerk also said that failure to file a timely written response could lead to dismissal of the case or summary judgment for the MTA.  *Id.*

McDougall has not responded to the MTA's motion.

II. Analysis

The MTA argues that "McDougall's bald allegations lack merit and fail to state an actionable claim."  Mem. in Supp. of Mot. to Dismiss 2.

   A. Standards of Review

      1. Motion to Dismiss

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts,

---

[7] ECF No. 1.  The MTA had not been served a copy of the complaint and summons until October 25, 2011.  ECF No. 15-1.

the merits of a claim, or the applicability of defenses."
*Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir.
2006).

The Court bears in mind that Rule 8(a)(2) requires only a
"short and plain statement of the claim showing that the pleader
is entitled to relief." *Midgal v. Rowe Price-Fleming Int'l,
Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's
notice-pleading requirements are "not onerous," the plaintiff
must allege facts that support each element of the claim
advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761,
764-65 (4th Cir. 2003). These facts must be sufficient to
"state a claim to relief that is plausible on its face." *Bell
Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[ ]
facts that are 'merely consistent with a defendant's
liability'"; the facts pled must "allow[ ] the court to draw the
reasonable inference that the defendant is liable for the
misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678
(2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must
not only allege but also "show" that the plaintiff is entitled
to relief. *Id.* at 679. "Whe[n] the well-pleaded facts do not
permit the court to infer more than the mere possibility of
misconduct, the complaint has alleged -- but it has not shown --
that the pleader is entitled to relief." *Id.* (internal

5

quotation marks omitted).

2. Summary Judgment

Under Fed. R. Civ. P. 56(a), summary judgment "shall [be] grant[ed] . . . if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  In considering a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.* at 248.

The Court must "view the evidence in the light most favorable to . . . the nonmovant," and draw all reasonable inferences in his favor, *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002), but the Court also "must abide by the affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial," *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003).

B. The MTA's Motion

Title VII prohibits an employer from "discharg[ing] any individual, or otherwise . . . discriminat[ing] against any

6

individual . . . because of [that] individual's race, color, . . . , or national origin." 42 U.S.C. § 2000e-2(a). Liberally construed,[8] McDougall's complaint asserts claims of wrongful discharge,[9] hostile workplace,[10] and discrimination[11] because of his race, color, and national origin.

The MTA argues that McDougall has failed to exhaust some of his administrative remedies, any claim related to his July 2009 termination is time-barred, he has not shown an adverse action related to his November 2009 termination, and his "conclusory allegations" fail to state a claim, or a prima facie case, under Title VII. *See* Mem. in Supp. of Mot. to Dismiss 8-14.

1. McDougall Has Failed to State A Claim Under Title VII

A plaintiff need not establish a prima facie case of a

---

[8] The Court "must construe [a] *pro se* complaint[] liberally" to discern "what the words in the complaint mean." *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). The Court's "task is not to discern the unexpressed intent of the plaintiff." *Id.*

[9] McDougall alleges that he was wrongfully terminated on July 28, 2009, and November 15, 2010. Compl. ¶¶ 3-4.

[10] McDougall asserts that he was "harass[ed]," "unfairly charg[ed] and disciplin[ed] . . . for infractions," and subjected to "erroneous and degrading comments" from co-workers. Compl. ¶¶ 9-10.

[11] McDougall alleges that he was denied "equal work and equal pay" and "wrongfully labeled . . . incapable of performing certain work/tasks." Compl. ¶ 8 (internal quotation marks omitted).

Title VII violation to survive a motion to dismiss.[12]  But his "[f]actual allegations must be enough to raise a right to relief above the speculative level."[13]  "[N]aked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief."  *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted).

McDougall's bare assertions fail to state a claim under Title VII.  Although he alleges that he was wrongfully terminated, subjected to "erroneous and degrading comments," denied "equal work and equal pay," and disciplined for infractions when co-workers were not, *see* Compl. ¶¶ 3-4, 7, 9, he "does not assert facts establishing the plausibility" that such actions were because of his race, color, or national origin, *see Coleman*, 626 F.3d at 191.  His EEOC charge asserts that his white co-workers made "more severe errors" and were "forgiven for their mistakes," *see* Discrimination Charge 2, but this, too, falls short of stating a claim under Title VII.

---

[12] *Templeton v. First Tenn. Bank, N.A.*, 424 F. App'x 249, 250 (4th Cir. 2011) (*citing Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-15 (2002)).  A prima facie case raises a rebuttable presumption of discrimination and, thus, is relevant to proving -- rather than pleading -- a Title VII claim.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 318-19 (4th Cir. 2005).  *See also* Part II.B.2, *infra*.

[13] *Templeton*, 424 F. App'x at 250 (internal quotation marks omitted) (*quoting Twombly*, 550 U.S. 544, 555 (2007)).

Without any factual support, these assertions "fail[] to establish a plausible basis for believing" that his co-workers were "actually similarly situated or that race," color, or national origin "was the true basis for [McDougall's] termination" and other disparate treatment. *See Coleman*, 626 F.3d at 191. Accordingly, McDougall's complaint will be dismissed.

2. McDougall Has Failed to Establish a Prima Facie Case

Had McDougall stated a claim, the MTA would be entitled to summary judgment; McDougall has not presented a prima facie case or rebutted the MTA's legitimate, lawful explanations for its actions.

To survive an employer's motion for summary judgment, a plaintiff must show direct evidence of a Title VII violation, or establish a prima facie case.

To establish a prima facie case of a hostile workplace, the plaintiff must show that the offending conduct was (1) "unwelcome," (2) based on his protected status, (3) "sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive atmosphere," and (4) imputable to his employer. *See EEOC v. Cent. Wholesalers, Inc.*, 573 F.3d 167, 174-75 (4th Cir. 2009). The plaintiff must show that "the work environment was not only subjectively hostile, but also objectively so." *Bonds v. Leavitt*, 629 F.3d 369, 385 (4th Cir.

9

2011).  To determine if the conduct was objectively severe, the Court examines "the totality of the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere[ly] offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Lauture v. St. Agnes Hosp.*, 429 F. App'x 300, 306-07 (4th Cir. 2011) (internal quotation marks omitted).

To establish a prima facie case of discrimination, the plaintiff must show "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class."[14]  If the plaintiff presents a prima facie case of discrimination, "the burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action." *Bonds v. Leavitt*, 629 F.3d 369, 386 (4th Cir. 2011) (internal quotation marks omitted).  "If the employer does so, the plaintiff must then show that the employer's stated reasons were not its true

---

[14] *See Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010).  Wrongful discharge is a type of discrimination.  *See Scott v. Health Net Fed. Servs., LLC*, Case No. 11-1947, slip op., 2012 WL 340216, at *1 (4th Cir. Feb. 3, 2012) (per curiam). A plaintiff satisfies the fourth element of a prima facie wrongful discharge case by showing that "the position remained open or was filled by similarly qualified applicants outside the protected class."  *Id.*

reasons, but were a pretext for discrimination." *Id.* (internal quotation marks omitted).

McDougall has not presented a prima facie case of discrimination or hostile work environment. He asserts that the MTA "refus[ed] to act on [his] complaints" about his co-workers' "erroneous and degrading comments." Compl. ¶ 10. But he provides no details about the comments, how often they occurred, whether they unreasonably interfered with his performance, or whether they were physically threatening or humiliating. Because it is unclear whether the comments were objectively severe -- or based on McDougall's race, color, or national origin -- McDougall has failed to present a prima facie case of hostile work environment. *See Lauture*, 429 F. App'x at 306-07.

He also has failed to establish a prima facie case of discrimination. Although he asserts that he was "wrongfully labeled . . . incapable of performing certain work," *see* Compl. ¶ 8, he has presented no evidence that he was performing his job to the MTA's reasonable expectations.[15] Nor has he submitted evidence that he was treated differently from similarly situated co-workers who were not of the same race, color, or national

---

[15] *See Baqir v. Principi*, 434 F.3d 733, 742 (4th Cir. 2006) (district court properly dismissed discrimination claim when the plaintiff had failed to show that he had been performing his job satisfactorily); *King v. Rumsfeld*, 328 F.3d 145, 149 (4th Cir. 2003) (plaintiff's own claim of satisfactory job performance could not rebut challenge that plaintiff was not meeting employer's legitimate performance expectations).

origin.[16]  "A plaintiff's own self-serving opinions, absent
anything more, are insufficient to establish a prima facie case
of discrimination." *Mackey v. Shalala*, 360 F.3d 463, 469-70
(4th Cir. 2004).

Had McDougall presented a prima facie case, the Court would
have granted summary judgment against him because the MTA has
presented legitimate, lawful explanations for its actions.
"[T]he prima facie case . . . is never by itself sufficient to
permit a plaintiff to escape an adverse summary judgment ruling
except in the rare instance when an employer is silent in the
face of the presumption it raises." *Diamond*, 416 F.3d at 318.
Here, the MTA has presented evidence that it cited and
terminated McDougall because he had failed to follow agency
policies and had damaged equipment.[17]  McDougall has presented no
rebuttal evidence, despite the Clerk's warning that failure to
do so could result in dismissal of his case or summary judgment
against him. *See* ECF No. 18.

McDougall's failure to present a prima facie case or rebut

---

[16] *See Coleman*, 626 F.3d at 190.  Because McDougall's
discrimination claim lacks at least two necessary elements, the
Court need not decide whether his November 2010 termination --
which the MTA asserts was converted to a three-day suspension --
involved an adverse action. *See* Mem. in Supp. of Mot. to
Dismiss 11-13.

[17] *See* Michael H. Ollinger Aff. ¶¶ 6-7, Attachs. 1 (Supervisor's
Report) & 2 (Employee Counseling Form); Joseph Ervin Solomon
Aff., Attach. 2 (Suspension and Termination Form).

the MTA's legitimate, nondiscriminatory reasons for its actions would have entitled the MTA to summary judgment.  Because he has failed to state a claim, however, the Court will dismiss his complaint.

III. Conclusion

For the reasons stated above, the Court will grant the MTA's motion to dismiss.

_4/26/12_
Date

_____
William D. Quarles, Jr.
United States District Judge